UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DIVENSON PETION,<br>        Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Case No. 3:22-cv-1646 (OAW) |
| CHEVALIER, et al.,<br>        Defendants. | )<br>)<br>)<br>)<br>) | |

## INITIAL REVIEW ORDER

**THIS ACTION** is before the court upon self-represented Plaintiff's complaint.  ECF No. 1.  Pursuant to 42 U.S.C. § 1983, Plaintiff's complaint alleges that the Defendants—Chevalier, Cook, Santiago, Papoosha, Rodriguez, and multiple "John Does"—have violated his constitutional rights.   Upon careful consideration, Plaintiff's complaint is **DISMISSED in part.**

## I.  BACKGROUND

Plaintiff is a sentenced inmate in the custody of the Connecticut Department of Correction (DOC).  Compl. 5, ECF No. 1.  Although the complaint details allegedly unconstitutional conduct that occurred between 2017 and 2019, it also conveys that Plaintiff only intends to bring claims pertaining to a placement in administrative segregation ("AS") while incarcerated at Northern Correctional Facility ("Northern").  *See id.* at 3, 5, 8.  During his incarceration at Northern, Plaintiff was handcuffed and shackled whenever he was permitted to leave his cell.  *See id.* at 11.

1

On December 9, 2019, Plaintiff was attacked outside of his cell by fellow inmates. *Id.* at 22.  Because Plaintiff was restrained, he was unable to defend himself and suffered a vicious beating.  *Id.*

When shackled, Plaintiff asserts that his tether chain was too short, requiring him to walk in a "hunched" position, and that his handcuffs were too tight, causing him wrist pain.  *Id.* at 11.  Plaintiff appears to allege that he, at some point, stopped participating in out-of-cell exercise to avoid painful restraint.  *Id.* at 12.

Plaintiff contends that the defendants violated his Fourth, Eighth, and Fourteenth Amendment rights through their implementation and execution of Northern's out-of-cell restraint policy.  *Id.* at 3.  He also brings an unexplained state law negligence claim against the defendants.  *Id.* at 3, 12.

## II.  <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 1915(a)–(b), the court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although courts have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility.  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## III. DISCUSSION

### A. Section 1983 Claims

Section 1983 of Title 42 of the United States Code creates a private federal cause of action against any person, acting under color of state law, who deprives an individual of their federally protected rights.  *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  Here, Plaintiff contends that the execution of an out-of-cell restraint policy violated his Fourth, Eighth, and Fourteenth Amendment rights.  The United States Court of Appeals for the Second Circuit has recognized that prison officials may violate the Eighth Amendment by enforcing a policy requiring an AS inmate to remain in shackles during out-of-cell recreation.  *See Edwards v. Quiros*, 986 F.3d 187, 194–95 (2d Cir. 2021).  Thus, the court will permit Plaintiff to proceed with an Eighth Amendment conditions of confinement claim related to his out-of-cell restraint.

The court dismisses Plaintiff's Fourteenth Amendment claim because it is subsumed by his Eighth Amendment claim.  *See Jones v. Schortman*, No.3:22-cv-1512(SVN), 2023 WL 4157339, at *4 n.4 (D. Conn. June 23, 2023) (citing to *Felix-Torres*

*v. Graham*, 521 F. Supp. 2d 157, 164 (N.D.N.Y. 2007)).  Plaintiff's Fourth Amendment claim is dismissed because his placement in restraints did not constitute a "seizure" within the meaning of the Fourth Amendment.  *See Brown v. Graham*, 470 F. App'x. 11, 14–15 (2d Cir. 2012) (questioning, in passing, whether "a prisoner has any Fourth Amendment right not to be seized," but nonetheless granting deference to a prison facility's interest in safety and security).

### B. <u>Claims Against Chevalier, Cook, Santiago, Papoosha, and Rodriguez</u>

The court construes the complaint to allege that Defendants Chevalier, Cook, Santiago, Papoosha, and Rodriguez are DOC officials were involved in the out-of-cell restraint policy's implementation, execution, or both.  Compl. 5, ECF No. 1.  These officials cannot be held liable for violations of Plaintiff's constitutional rights solely on account of their supervisory authority.  *See Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (holding that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  But "an official's conduct in making and executing policy, or failing to make or execute policy," may constitute "personal involvement if such conduct meets the elements required to establish an underlying constitutional violation and is undertaken with the required state of mind."  *Myers ex rel. Est. of Myers v. Davenport*, No. 1:21-cv-922(LEK/CFH), 2022 WL 3017367, at *5 (N.D.N.Y. July 29, 2022) (citation omitted); *see also Edwards*, 986 F. 3d at 193 (evidence supported a finding that a warden was aware of a prisoner's unconstitutional restraint).  Thus, the court will permit Plaintiff's Eighth Amendment conditions of confinement claim to proceed for further development of the record against Chevalier, Cook, Santiago, Papoosha, and Rodriguez.

### C.  Claims Against the Doe Defendants

Plaintiff brings claims against an unspecified number of "John Doe" defendants. Compl. 6, ECF No. 1.  These defendants are said to have "been responsible for the care and custody of persons incarcerated at Northern."  *Id.*  But Plaintiff does not specify how these defendants, through their own actions, violated his constitutional rights. Accordingly, the court dismisses Plaintiff's claims against the Doe defendants.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks and citations omitted)).

### D.  Official Capacity Claims

Plaintiff sues the defendants in both their individual and official capacities.  Compl. 5–6, ECF No. 1.  However, Plaintiff does not seek injunctive relief to remedy the alleged violations of his constitutional rights.  *Id.* at 13.  Because plaintiffs may only bring official capacity § 1983 claims to seek injunctive relief, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989), the court dismisses Plaintiff's official capacity claims.

### E.  Negligence Claim

Plaintiff also brings a state law negligence claim against the defendants.  The precise nature of this claim is not clear.  But, to the extent that the defendants were merely negligent in the performance of their official duties, they are statutorily immune from state tort liability.  *See Hamilton v. Lajoie*, 660 F. Supp. 2d 261, 265–65 (D. Conn. 2009); *see also* Conn. Gen. Stat. § 4-165(a) ("No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or

her duties or within the scope of his or her employment."). Accordingly, the court dismisses Plaintiff's negligence claim.

## IV.   <u>CONCLUSION</u>

The court enters the following orders:

(1)   The Eighth Amendment conditions of confinement claim brought against Defendants Chevalier, Cook, Santiago, Papoosha, and Rodriguez shall **PROCEED** for further development of the record.

(2)   Plaintiff's Fourth and Fourteenth Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(3)   Plaintiff's claims against the John Doe defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(4)   Plaintiff's official capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).

(5)   Should Plaintiff wish to amend his complaint, he may file a motion for leave to amend within **thirty (30) days** from the date of this order. Should Plaintiff require more time, he shall submit a motion for extension of time before the original deadline expires.

(6)   The Clerk shall verify the current work address for Defendants Chevalier, Cook, Santiago, Papoosha, and Rodriguez with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint and this order to them at their confirmed address within **twenty-one (21) days** of this Order, and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If any defendant fails to return the waiver request, the Clerk shall

make arrangements for in-person individual capacity service by the U.S. Marshals Service, and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(7)  The Clerk shall mail a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(8)  The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  The defendants may also include any and all additional defenses permitted by the Federal Rules.

(9)   Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within **six months (180 days)** from the date of this order.  Discovery requests shall not be filed with the Court.

(10)  All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

(11)  The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which will be sent to the parties by the Clerk.

(12)  If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  He should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without

indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendants or defense counsel of his new address.

(13)  While incarcerated, Plaintiff shall use the Prisoner Electronic Filing Program when filing documents with the court.  He is advised that the Program may be used only to file documents with the court. Local rules provide that discovery requests are not filed with the court.  D. Conn. L. Civ. R 5(f).  Therefore, discovery requests must be served on Defendant's counsel by regular mail.

**SO ORDERED** at Hartford, Connecticut, on this 1st day of December, 2023.

                    _____/s/_____
                            Omar A. Williams
                            United States District Judge