UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
DIVENSON PETION,               :
                               :
     Plaintiff,                :
                               :
V.                             :    CASE NO. 3:22-CV-01646(OAW)
                               :
CHEVALIER, ET AL.,             :
                               :
     Defendants.               :
```

Order on Motion to Compel

Plaintiff Divenson Petion brings this action against Chevalier, Rollin Cook, Antonio Santiago, Daniel Papoosha, and Nick Rodriguez (collectively "Defendants"), all in their individual capacities, for the alleged violation of his Eighth Amendment rights.  (Dkt. #13 at 6).

Plaintiff's Eighth Amendment claim survived initial review by the Honorable Omar A. Williams.  Id.  Thereafter, Judge Williams referred this matter to the undersigned to resolve Plaintiff's pending Motion to Compel ("Motion") (Dkt. #34), for which the Court held an oral argument on February 5, 2025.

Based on the briefs and the oral argument, Plaintiff's Motion is granted in part and denied in part.

I.   **Background**

Plaintiff is in the custody of the Connecticut Department of Correction ("DOC") and was incarcerated at Northern

1

Correctional Facility ("Northern") from September of 2019 through June of 2020. (Dkt. #1 at 3, 5, 8; Dkt. #36 at 2). Defendants are officers who work for the DOC.

While housed at Northern, Plaintiff was placed in administrative segregation. Plaintiff alleges that, because of this designation, he was handcuffed and shackled whenever he left his cell. (Dkt. #1 at 11).

According to his complaint, on December 9, 2019, Plaintiff was attacked outside of his cell by other inmates who were able to escape their handcuffs. Id. at 22. Plaintiff alleges that, because of the prison's policy which caused him to be in restraints, Plaintiff was left unable to defend himself and suffered a vicious beating. Id.

Now in discovery, Plaintiff moves to compel the following documents from the Defendants:

a) "The Plaintiff's entire 'Master file' in the DOC, un-redacted from 2004-2024."
b) "The Plaintiff's entire 'Medical files' while in the DOC, un-redacted from 2004-2024."
c) "The Plaintiff's entire 'Mental Health' file while in the DOC, un-redacted from 2004-2024."
d) "Any and all work files on all of the defendants, any complaints/grievances made against them pertaining to the handcuff/restraint policy …. Any and all incidents that took place… that involved a person being attacked/assaulted by another inmate due to that inmate being able to get out of their handcuffs…. And any

2

    attempted attacks that took place due to one getting out the handcuffs… and trying to assault another inmate."
  e) "[A]ny emails/video footage of the Plaintiff being assaulted while being handcuffed behind the back."

## II. Legal Standard

Rule 26 of the Federal Rules of Civil Procedure generally grants broad access to discovery when a "matter… is [1] relevant to any party's claim or defense and [2] proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1).

The party seeking discovery has the burden of demonstrating relevance, see Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016), which broadly includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Sullivan v. StratMar Sys., Inc., 276 F.R.D. 17, 19 (D. Conn. 2011).

However, "even relevant information must be 'reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources.'" New Falls Corp. v. Soni, No. CV166805ADSAKT, 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020) (quoting Huggins v. Chestnut Holdings Inc., No. 18-CV-1037, 2019 WL 2616252, at *2 (S.D.N.Y. June 25, 2019)).  In other words, "[t]he fact that particular information is relevant does not mean that its production will always be proportional to the needs of the case." Elisa W. v. City of New

York, No. 15CIV5273LTSHBP, 2018 WL 6695278, at *2 (S.D.N.Y. Dec. 20, 2018).  "[P]roportionality [is assessed] … 'by considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" Conservation L. Found., Inc. v. All-Star Transp., LLC, No. 3:21-CV-00201 (JBA), 2022 WL 16901999, at *1 (D. Conn. Nov. 11, 2022) (quoting FED. R. CIV. P. 26(b)(1)); see also id. at *3 ("Each party bears a burden with respect to proportionality.").

    After the party seeking discovery has demonstrated relevance and proportionality, "[t]he party resisting discovery [maintains the right to object but also] bears the burden of showing why discovery should be denied."[1]  Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).  To that end, Rule 26(b) "allows the Court to limit discovery, *sua sponte* or upon motion, when, for example, such 'discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'"  Mercer v. Rovella, No. 3:16-CV-329 (CSH),

---

[1] The party resisting discovery also "bears the burden on the 'burden and expense' element of the proportionality analysis." Huseby, LLC v. Bailey, No. 3:20-CV-00167 (JBA), 2021 WL 3206776, at *8 n.3 (D. Conn. July 29, 2021) (citing FED. R. CIV. P. 26 advisory committee notes to 2015 amendments).

4

2022 WL 1514918, at *2 (D. Conn. May 12, 2022) (quoting FED. R. CIV. P. 26(b)(2)(C)(i)).

Lastly, a district court has discretion in ruling on a motion to compel and only abuses that discretion when "discovery is so limited as to affect a party's substantial rights." In re 650 Fifth Ave., 934 F.3d 147, 157 (2d Cir. 2019).

### III. Discussion

Upon review of the parties' briefs and oral arguments from the hearing on February 5, 2025, the Court finds as follows:

#### A. Plaintiff's unredacted "Master file"

The parties agree that the Defendants have already provided Plaintiff with his master file; the main dispute is whether Plaintiff is entitled to it without redactions.

As of now, Plaintiff has requested an unredacted copy of his entire master file, covering the period from 2004 through 2024. (Dkt. # 34 at 3). In response, Defendants object that (1) the contents of the entire master file are not relevant and (2) production of the redacted material within his file(s) would jeopardize institutional safety and security. See Dkt. #36.

To begin, the Court finds that Plaintiff has not established that his *entire* unredacted master file is relevant. As the Defendants note, Plaintiff was housed at Northern from September of 2019 through June of 2020, and the incident in

question occurred in December of 2019.  It is unclear why his entire unredacted master file, dating back to 2004, is relevant.

Additionally, even if Plaintiff could establish relevance, Defendants have established that the requested discovery is unduly burdensome, insofar as the requested information would compromise safety and security.  See Baltas v. Hardy, No. 3:23-CV-930 (VAB), 2024 WL 4580881, at *3 (D. Conn. Oct. 25, 2024)(denying motion to compel based on safety and security concerns); Lopez v. McEwan, No. 3:08-CV-0678 (JCH), 2010 WL 537744, at *3 (D. Conn. Feb. 12, 2010) ("The Department of Corrections ('DOC') is likely to have a better understanding of security risks than a [plaintiff.]").  The Court notes that, according to Defendants, Plaintiff already has access to a vast majority of the information in his master file, but that the redacted portions largely contain information that details the DOC's operational information and reveals employees' first names and other inmate information that would jeopardize the safety and security of the overall facility.  (Dkt. # 36 at 2).  Despite this, Plaintiff has not explained why the redacted information would be relevant or useful to his claim.

Thus, the Court denies Plaintiff's motion to compel an unredacted copy of his entire master file.

### B. Plaintiff's unredacted "Medical file"

Defendants maintain there is no separate medical file; rather, all documents that would be in Plaintiff's medical file are located within Plaintiff's master file. Plaintiff does not dispute this and acknowledges he otherwise has access to a redacted medical file. As discussed above, certain information has been redacted for safety and security purposes. Thus, for the reasons stated above, the Court denies Plaintiff's motion to compel an unredacted copy of his "medical file."

### C. Plaintiff's unredacted "Mental health file"

Defendants likewise maintain that there is no separate mental health file for Plaintiff. Again, according to Defendants, the documents that would be in a mental health file are in Plaintiff's master file. Plaintiff does not dispute this. Thus, for the reasons stated above, the Court denies Plaintiff's motion to compel an unredacted copy of his "mental health file."

### D. Documentation of similar incidents and grievances

Plaintiff moves to compel any documents related to inmates who experienced similar violence because of the DOC's restraint policy, and any related grievances that were subsequently filed.

During the oral argument on February 5, 2025, Plaintiff argued that these documents are relevant and necessary to establish each Defendant's subjective knowledge and notice of

the risks created by the DOC's restraint policy.[2]  Defendants maintain that these documents are (1) "not reasonably calculated to the discovery of admissible evidence related to Plaintiff's complaint" and (2) would be "overly burdensome" to produce. (Dkt. #36 at 2).[3]  The Court, in part, disagrees with Defendants.

To begin, documentation of similar incidents is relevant to Plaintiff's Eighth Amendment claim, which targets the implementation of an official policy.  "[T]o state a claim under the Eighth Amendment on the basis that a defendant has failed to prevent harm, a plaintiff must plead both (a) conditions of confinement that objectively pose an unreasonable risk of serious harm to plaintiff's current or future health, and (b) that the defendant acted with 'deliberate indifference.'" Tangreti v. Bachmann, 983 F.3d 609, 618-19 (2d Cir. 2020). Notably, "deliberate indifference" can be established where a defendant had knowledge of a risk of substantial harm to the

---

[2] Although the written requests for production are much broader, during the oral argument, Plaintiff appears to have limited the scope of his request to incidents in which the Defendants were directly involved or were aware of.

[3] Defendants, who have been sued in their individual capacities, argue that the requested documents cannot be provided as they are not within the Defendants' custody or control.  The Court finds some precedence within the District of Connecticut supporting this argument.  See, e.g., Gray v. Nordstrom, et al., 3:18-cv-1402 (KAD), 2020 WL 5752122 at *3 (Sept. 25, 2020).  Gray suggests that since the DOC is not a named defendant or party, the proper vehicle for obtaining the requested documents is a Rule 45 subpoena, as opposed to a Rule 34 discovery request.  See id. (noting Rule 34 only applies to parties).  Given Plaintiff's pro se status, the Court will not resolve this issue today.  Instead, the Court instructs the parties to meet and confer on this issue, see infra p. 10, keeping in mind that, despite its status as a non-party, the DOC apparently has been willing to produce documents to Plaintiff in the past.

plaintiff and disregarded that risk.  Id. at 619.  In this case, Plaintiff alleges that documentation of similar incidents, in which the individual Defendants were directly involved, would show each Defendant's knowledge of the risks posed by the DOC's restraint policy.  Accordingly, the requested documents – as narrowed – are relevant to Plaintiff's claim.

Nevertheless, the Court is partially persuaded that the production of said documents would be unduly burdensome.  During the oral argument, Defendants claimed that such a production would require a blanket search of thousands of paper files.  According to Defendants, this would take an inordinate amount of time as the DOC does not catalogue files or reports of inmate violence in a manner that would group such incidents together (i.e., no one file would contain all incidents involving inmates who were attacked by other inmates while in restraints).  This means that Defendants would need to go through all the paper files and read the incident reports or grievances that are in those files to determine which documents are responsive.  The Court agrees that such an exercise would be unduly burdensome.

That said, the Court has reason to believe there are less burdensome alternatives to producing responsive documents.  During the oral argument, Plaintiff stated that he and other inmates within the DOC remember and have knowledge of other similar, discreet events.  The Court thus infers that the

9

individual Defendants likewise have some knowledge of the incidents in which they were alleged to have been directly involved or had brought to their attention. Indeed, no representation has been made that the Defendants cannot recall any similar incidents. Given these circumstances, it should not be unduly burdensome for the Defendants or DOC to locate files regarding any similar instances of inmate violence that either: (i) Defendants themselves recall, or (ii) that Plaintiff has brought to the Defendants' attention.[4]

For these reasons, the Court grants in part Plaintiff's Motion with respect to these materials and orders the Defendants to meet and confer with Plaintiff to obtain the names of the individuals who may have knowledge of similar incidents.

### E. E-mails regarding Plaintiff's assault and any video footage of the assault

During the oral argument, Defendants agreed to provide Plaintiff with any emails or video footage regarding Plaintiff's specific assault, so the motion to compel these items is moot.

### IV. Conclusion

For the reasons above, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion (Dkt. #34).

---

[4] To clarify, the individual Defendants must also produce any responsive documents within their custody or control (*i.e.*, if any of the Defendants have retained copies of grievances filed against them, or if copies of grievances are stored in an officer's personnel file or other similar type of file, the officers would have custody or control of such documents).

10

The Court **DENIES** Plaintiff's motion to compel unredacted versions of his entire "master file", "medical file", and "mental health file."  The Court **GRANTS in part** Plaintiff's motion to compel documentation of similar incidents and grievances.

Defendants have **thirty (30) days** from the filing of this order to meet and confer with Plaintiff and to produce any documentation relating to similar incidents of inmate violence that the Defendants (i) recall or (ii) have been made aware of by Plaintiff.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. R. 72.2.  As such, it is an order of the Court unless reversed or modified by a district judge upon a motion timely made.

Dated this 31st day of March, 2025 at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge